IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LUCI MAE WINKLER

                Plaintiff,

    v.

OREGON DEPARTMENT OF
CHILD WELFARE

                Defendant.

Case No. 1:13-cv-01054-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff Luci Mae Winkler seeks to proceed in forma pauperis and pro se with a civil action against the Oregon Department of Child Welfare. Plaintiff alleges that the defendant falsified documents and testified falsely in a state court custody proceeding in an effort to keep plaintiff away from her daughter. Through this action, she seeks to regain custody and to initiate an investigation into the defendant's actions. For the reasons stated below, the court recommends plaintiffs' complaint (#2) be dismissed and her motion to proceed in forma pauperis (#1) be denied as moot.

## BACKGROUND

Plaintiff's claims arise out of an apparent custody dispute that took place in state court, before the Honorable Lisa Greif, a judge on the Jackson County Circuit Court. Judge Greif is not named as a defendant in this proceeding.

It appears that, in the course of that custody dispute, the plaintiff may have alleged that her daughter was being subject to sexual abuse. Plaintiff now claims that the defendant did not take those allegations seriously, "choosing instead to make accusations regarding plaintiff's mental health." She claims that the defendant "used lies, manipulation, Position of Authority, to have plaintiff perform unreasonable actions, [and] wasted tax payer monies." She also claims that the defendant "falsely represented the identified abuser, and helped him to obtain sole custody, and helped him fabricate reports, as well as they have fabricated reports, and falsified record documents." Plaintiff also asserts that Judge Greif "did not want to hear Defense side."

In her prayer for relief, the plaintiff requests that her daughter be returned to her, that an investigation and audit be done of the defendant's department, and that a "full judicial review" be done of Judge Greif's cases.

## STANDARDS

Generally, all parties instituting any civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal in forma pauperis ("IFP") statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is "frivolous, malicious, or fails to state a claim upon which relief may be

granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must state a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556)

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. LA. Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id. at 623.

### DISCUSSION

It is well-established that the federal government generally defers to the states in regard to laws governing domestic relations. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004) (*citing* Ex parte Burrus, 136 U.S. 586, 593-594 (1890) "[T]he whole subject of the

domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States")). Because matters regarding "the proper care, custody and control of juveniles…have traditionally been left to the states," Peterson v. Babbit, 708 F.2d 465, 466 (9th Cir. 1983) (citing L.H. v. Jamieson, 643 F.2d 1351, 1355 (9th Cir. 1981)), the Ninth Circuit has determined that federal courts "should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortioti*, rights of visitation.'" Peterson, 708 F.2d at 466 (9th Cir. 1983) (quoting Hernstadt v. Hernstadt, 373 F.2d 316, 317 (9th Cir. 1967)). Even if a case raises constitutional issues, a federal court should decline to hear it if the case centers on a child custody dispute. Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982); *see also* Banks v. Washington State CPS, No. CV-06-0335-JLQ, 2007 WL 128351, at *1 (E.D. Wa., Jan. 11, 2007) ("In the Ninth Circuit, district courts must refuse jurisdiction if the primary issue concerns child custody issues"). As the Ninth Circuit has explained:

> [T]he strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

Coats, 819 F.2d at 237.

In addition, under the Rooker–Feldman doctrine, federal district courts lack jurisdiction over cases that directly challenge a state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292, 125 S.Ct. 1517 (2005); Amerisourcebergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007). The doctrine bars a federal court's direct review of issues actually decided by state courts as well as claims that amount to nothing more than an

impermissible collateral attack on prior state court decisions and that are inextricably intertwined with the forbidden appeal. Ignacio v. Judges of U.S. Court of Appeals for Ninth Cir., 453 F.3d 1160, 1166 (9th Cir. 2006). The Rooker–Feldman doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights. Bates v. Jones, 131 F.3d 843, 856 (9th Cir. 1997). Rooker–Feldman is a jurisdictional doctrine rather than a claim preclusion doctrine. Elwood v. Drescher, 456 F.3d 943, 948 (9th Cir. 2006).

At its core, plaintiff's complaint appears to be a challenge to a state court child custody decision, and is thus barred by the domestic relations exception to federal subject matter jurisdiction. This court finds that it has no authority to award plaintiff custody of her child. While plaintiff alleges constitutional claims, these claims, because they are intertwined with a state court custody proceeding, should be heard in state court. See Coats, 819 F.2d at 237 ("If the constitutional claims in the [domestic relations or child custody] case have independent merit, the state courts are competent to hear them"); Peterson, 708 F.2d at 466. Even if the matter were not one of child custody, the plaintiff may not challenge a state court decision in this court due to the Rooker-Feldman doctrine.

Because it is not absolutely clear that the deficiencies of the complaint could not be cured by amendment, plaintiff should be granted leave to file an amended complaint. See Silva v. Vittorio, 658 F.3d 1090, 1106 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it absolutely clear that the deficiencies of the complaint could not cured by amendment") (citation omitted). If the plaintiff is granted leave to amend, she should be directed to limit her claims to those which may be heard by this court.

///

## RECOMMENDATION

Based on the foregoing, the court recommends that plaintiff's complaint be DISMISSED without prejudice, and that plaintiffs' application to proceed IFP be DENIED as moot.

The court recommends that plaintiff be allowed thirty days in which to file an amended complaint, and that plaintiff be advised that failure to file an amended complaint will result in the dismissal of this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). Any appeal from an order adopting this Report and Recommendation would be frivolous and not taken in good faith.

DATED this _____ day of July, 2013.

_____
MARK D. CLARKE
United States Magistrate Judge