IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LUCI MAE WINKLER

          Plaintiff,

  v.

OREGON DEPARTMENT OF
CHILD WELFARE

          Defendant.

Case No. 1:13-cv-01054-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

    Plaintiff Luci Mae Winkler seeks to proceed in forma pauperis and pro se with a civil action against the Oregon Department of Human Services, Child Welfare Department ("DHS"). The case comes before the court on Plaintiff's Amended Complaint (#12), which she was granted leave to file after the court dismissed her original complaint (#2) for lack of subject matter jurisdiction. For the reasons stated below, the court recommends plaintiffs' complaint (#12) be dismissed.

Page 1 – REPORT & RECOMMENDATION

## BACKGROUND

In Plaintiff's original complaint, her claims appeared to arise out of a custody dispute that took place in state court, before the Honorable Lisa Greif. She claimed that defendant did not take her allegations of sexual abuse by her daughter's father seriously and instead made accusations regarding Plaintiff's mental health to justify placing the daughter with the father rather than with Plaintiff. That complaint was dismissed due to the fact that it dealt with a custody dispute, which is the outside the scope of jurisdiction for a federal court, as well as being essentially an impermissible collateral attack on a state court decision. Because the plaintiff was proceeding pro se, and it was not completely clear that the deficiencies of the complaint could not be cured by amendment, the court granted the plaintiff leave to file an amended complaint.

Plaintiff subsequently filed her amended complaint. In it, she alleges that the defendant violated her parental rights by placing her daughter with the girl's father, ignoring evidence that he was sexually abusing her, thereby placing her daughter in harm's way. Specifically Plaintiff claims that she found inappropriate nude photos on her daughter's Leap Pad 2 device, which she believes were taken while at the child's father's house. She claims that she reported this to local law enforcement, and that her daughter was removed from the father's home. While the details of the proceeding that followed are unclear, the allegations of this complaint appear to arise out of a different case in state court, this time adjudicated by the Honorable Patricia Crain.

As in the original complaint, Plaintiff alleges the defendant DHS made claims that she suffers from mental health problems. Plaintiff claims that defendant's actions have caused her emotional harm, pain and suffering, anxiety, and post-traumatic stress disorder. Through this action, she seeks to regain custody of her daughter and to initiate a criminal investigation into the defendant's actions. Although the court previously denied the Plaintiff's IFP application, the

Plaintiff's amended complaint is construed as a renewal of that application, and the court reviews accordingly.

## STANDARDS

Generally, all parties instituting any civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal in forma pauperis ("IFP") statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or...seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must state a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556)

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. LA. Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id. at 623.

## DISCUSSION

As discussed in more detail in this court's previous Report and Recommendation (#6) recommending dismissal of the Plaintiff's complaint, it is well-established that the federal government generally defers to the states in regard to laws governing domestic relations. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004). Because matters regarding "the proper care, custody and control of juveniles…have traditionally been left to the states," Peterson v. Babbit, 708 F.2d 465, 466 (9th Cir. 1983), the Ninth Circuit has determined that federal courts "should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortioti*, rights of visitation.'" Peterson, 708 F.2d at 466 (9th Cir. 1983). Even if a case raises constitutional issues, a federal court should decline to hear it if the case centers on a child custody dispute. Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982); *see also* Banks v. Washington State CPS, No. CV-06-0335-JLQ, 2007 WL 128351, at *1 (E.D. Wa., Jan. 11, 2007) ("In the Ninth Circuit, district courts must refuse jurisdiction if the primary issue concerns child custody issues"). As the Ninth Circuit has explained:

> [T]he strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing

>judicial supervision by the state makes federal abstention in these cases appropriate.

Coats, 819 F.2d at 237.

In addition, under the Rooker–Feldman doctrine, federal district courts lack jurisdiction over cases that directly challenge a state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292, 125 S.Ct. 1517 (2005); Amerisourcebergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007). The doctrine bars a federal court's direct review of issues actually decided by state courts as well as claims that amount to nothing more than an impermissible collateral attack on prior state court decisions and that are inextricably intertwined with the forbidden appeal. Ignacio v. Judges of U.S. Court of Appeals for Ninth Cir., 453 F.3d 1160, 1166 (9th Cir. 2006). The Rooker–Feldman doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights. Bates v. Jones, 131 F.3d 843, 856 (9th Cir. 1997). Rooker–Feldman is a jurisdictional doctrine rather than a claim preclusion doctrine. Elwood v. Drescher, 456 F.3d 943, 948 (9th Cir. 2006).

As in the Plaintiff's original complaint, Plaintiff's amended complaint challenges a state court child custody decision, and is thus barred by the domestic relations exception to federal subject matter jurisdiction. This court once again finds that it has no authority to award plaintiff custody of her child. While plaintiff alleges constitutional claims, these claims, because they are intertwined with a state court custody proceeding, should be heard in state court. See Coats, 819 F.2d at 237 ("If the constitutional claims in the [domestic relations or child custody] case have independent merit, the state courts are competent to hear them"); Peterson, 708 F.2d at 466. Even if the matter were not one of child custody, the plaintiff may not challenge a state court decision in this court due to the Rooker-Feldman doctrine.

Because it is clear that the plaintiff's claims all arise out of a custody dispute which should be heard in a competent state court, the plaintiff's amended complaint should be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing, the court recommends that plaintiff's complaint be DISMISSED with prejudice, and judgment entered for the defendant.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 28 day of October, 2013.

MARK D. CLARKE
United States Magistrate Judge